IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK MCCORMICK, | ) | No. C 09-0826 JSW (PR) |
| Petitioner, | ) | |
| vs. | ) | **ORDER TO SHOW CAUSE** |
| B. CURRY, Warden, | ) | |
| Respondent. | ) | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the Correctional Training Facility in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision by the California Board of Parole Hearings ("Board") to deny Petitioner parole. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition and attachments, Petitioner was convicted in Monterey County Superior Court, and, was sentenced him to a term of 17 years-to-life in state prison in 1983. In 2007, the Board found Petitioner unsuitable for parole. Petitioner has challenged the denial of parole in the state courts. Petitioner filed the instant petition on February 25, 2009.

**DISCUSSION**

I     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     Legal Claims

Petitioner alleges that the Board's decision violated his right to due process because the decision was not supported by some evidence and other claims. Liberally construed, the allegations are sufficient to warrant a response from Respondent. *See Board of Pardons v. Allen*, 482 U.S. 369; *see, e.g., Superintendent v. Hill*, 472 U.S. 445 (1985); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond

1  to the answer, he shall do so by filing a traverse with the Court and serving it on
2  Respondent within **thirty (30)** days of his receipt of the answer.
3      3. Respondent may file a motion to dismiss on procedural grounds in lieu of an
4  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing
5  Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court
6  and serve on Respondent an opposition or statement of non-opposition within **thirty (30)**
7  days of receipt of the motion, and Respondent shall file with the Court and serve on
8  Petitioner a reply within **fifteen (15)** days of receipt of any opposition.
9      4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep
10 the Court informed of any change of address by filing a separate paper captioned "Notice
11 of Change of Address." He must comply with the Court's orders in a timely fashion.
12 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
13 to Federal Rule of Civil Procedure 41(b).
14     IT IS SO ORDERED.
15 DATED: 06/04/09
16                                         JEFFREY S. WHITE
17                                         United States District Judge

3